# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LITCHFORD & CHRISTOPHER PROFESSIONAL ASSOCIATION, HAL K. LITCHFORD,**

        **Plaintiffs,**

**-vs-**                                             **Case No. 6:08-cv-893-Orl-DAB**

**LEGAL VIDEO SERVICES, INC., LAURA DOMINIAK,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO REMAND OF PLAINTIFFS LITCHFORD AND CHRISTOPHER PROFESSIONAL ASSOCIATION AND HAL K. LITCHFORD (Doc. No. 17)** |
| **FILED:** | **June 27, 2008** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |
| **MOTION:** | **DEFENDANTS' MOTION TO CHANGE VENUE (Doc. No. 16)** |
| **FILED:** | **June 19, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED as moot** in light of the remand to state court. | |

Plaintiffs filed suit in Florida state court against Defendants for their alleged abuse of process in bringing suit against Plaintiffs in Illinois court. Defendants' Illinois state court claims arise out of non-payment for video services provided to one of Plaintiffs' *clients* at a 2005 Florida trial; Plaintiffs

had not guaranteed payment for the video services in any written contract. *See* Doc. No. 2-2 (containing only the client's signature). For their part, Defendants contend that Plaintiffs' conduct gave rise to an oral contract for the video services provided to Plaintiffs' client. Doc. No. 19. According to Plaintiffs, even after it became clear during the course of the Illinois litigation that Plaintiffs Litchford and Christopher, P.A. and Hal K. Litchford had no contract with Defendants, and Defendants lost on the issue at arbitration, Defendants continued to persist in the litigation. Doc. No. 2-4.

On May 1, 2008, the Plaintiffs filed their claim for abuse of process under Florida common law against the Defendants in Florida Circuit Court. Doc. No. 2. Plaintiffs allege that Defendants sued them in Illinois state court in 2006 in an attempt to extort a settlement from them for not being able to force their client to pay the outstanding bill for video services. Doc. No. 2 ¶ 14. Doc. No. 2. The amount in controversy is $28,531.46. Doc. No. 19 at 2; Doc. No. 18 at 2.

Even though Plaintiffs' complaint was filed in *Florida state* court, Defendants attempted to remove the case to an *Illinois federal* court. When Plaintiffs notified Defendants they planned to begin discovery in Florida immediately after service of their Complaint, on May 23, 2008, Defendants filed a Notice of Removal of the Florida state case to the United States District Court for the Northern District of Illinois. Doc. No. 17 at 3. That Court *sua sponte* entered an Order of Remand. Doc. No. 17 at 3. On June 4, 2008, Defendants – for a second time – removed the case to a federal Court, this time in the Middle District of Florida. Docket No. 1.

Defendants now move to have the venue of Plaintiffs' cause of action for abuse of process changed from this federal Court to the *state circuit court* in Cook County, Illinois. Doc. No. 16. Plaintiffs simultaneously move to have this removed case remanded to Florida state court based on a lack of federal subject matter jurisdiction, and to have costs assessed against the Defendants. Doc.

No. 17. The Court must determine as an initial issue, whether it has subject matter jurisdiction, *i.e.*, whether the matter was properly removed to this Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

*Motion to Remand*

In this case, Defendants' Notice of Removal was based on "28 U.S.C. § 1331 and/or 28 U.S.C. § 1332(a)," which confer federal district courts with original jurisdiction over "diversity" cases and federal question cases. Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A district court also has original jurisdiction over cases in which the parties are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; uncertainties are resolved in favor of remand.").

Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party

must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

Plaintiffs move to remand the case to state court on the basis that the Complaint alleges a "simple one-count cause of action for abuse of process under Florida common law" – Plaintiffs allege that Defendants sued Plaintiff in Illinois state court in 2006 for the purpose of extorting a settlement for video services provided to Plaintiffs' client. Doc. No. 17 at 2. Defendants' Notice of Removal contends that the Plaintiffs' Complaint presents a federal question under the United States Constitution because it "affect[s] rights among the courts of the State of Illinois and the State of Florida" because Plaintiffs are "utiliz[ing] process in Florida to attack (a) the issuance of legal process by the Circuit Court of Cook County, Illinois; (b) the determination by both an Illinois trial judge and the First District Appellate Court of Illinois that the Illinois courts have jurisdiction over the Defendants; and, (c) the propriety of the Defendants' civil lawsuit in an Illinois state court even though that lawsuit has not yet proceeded to trial and there has been no final order or judgment entered in the case." Doc. No. 1 at 1-2 (citing U.S. Const. Art. III, Section 2).

Defendants alternatively contend that subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. 1332, because Plaintiffs and Defendants are citizens of different states, and "Plaintiffs' Complaint fails to state the amount in controversy." *Id.* at 2. That argument fails on its face because Defendants admit the amount they are owed is only $28,531.46, well short of the jurisdictional minimum of $75,000[1]. Doc. No. 19 at 2. *See Lowery v. Alabama Power Co.*, 483 F.3d

---

[1] In addition, according to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Remand, Defendant "Legal Video Services, Inc." is a Florida company. Doc. No. 19 at 1. If Legal Video Services and both Plaintiffs are Florida citizens, there is not complete diversity of citizenship between the parties and the Court lacks subject matter jurisdiction over Plaintiffs' claim. However, it is not clear whether there may be two "Legal Video Services, Inc." or designating it a Florida company was simply a typographical error.

1184, 1208 (11th Cir. 2007) (in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence).

To decide whether a claim arises under federal law for purposes of 28 U.S.C. § 1331, is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith*, 236 F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

In their single count Complaint, Plaintiffs state a claim for abuse of process under the Florida common law. Doc. No. 2. Under Florida law, abuse of process is a claim that alleges "the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005); *Bothman v. Harrington*, 458 So.2d 1163 (Fla. 3d DCA 1984). Florida abuse of process is only concerned with the improper use by a private party of process after it is issued properly through judicial procedure. *Whitney Info. Network*, 353 F. Supp. 2d at 1212 (citing *Marty v. Gresh*, 501 So.2d 87, 98 (Fla. 1st DCA 1987)); *see also Blue Dolphin, Inc. v. United States*, 666 F. Supp. 1538, 1541 (S.D. Fla. 1987). A claim for abuse of process relies upon the "[u]se of the courts by private parties [and] does not constitute an act under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). Plaintiffs' claim for abuse of process does not implicate 42 U.S.C. § 1983 because the Plaintiffs' are not state actors; therefore, there is no federal question.

Plaintiffs argue that their claim does not attack the State of Illinois or its power to issue legal process, and they are not attempting to use the Florida court system to challenge the State of Illinois or its courts' orders or process. Plaintiff are not challenging the propriety of Illinois process; rather, they are challenging Defendants' (alleged) misuse of the Illinois process to harass Plaintiffs and attempt to "extort a settlement." Doc. No. 17 at 5. Plaintiffs have not raised any issue of federal law in their Complaint. Similarly, Defendants' oblique reference[2] in the Notice of Removal to Article III § 2 of the United States Constitution also fails to invoke federal question jurisdiction. Nor does Plaintiffs' claim about the propriety of Defendants' civil lawsuit against them invoke the United States Constitution. Plaintiffs' previous challenges to personal jurisdiction in the Illinois court do not raise a federal question.

Pursuant to 28 U.S.C. § 1447(c) the Court may impose an award "of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Particularly in this case, in which Defendants have improvidently remove the case **twice**, and the claim being litigated concerns an abuse of process, the Court finds that fees are warranted. The Court awards $2,000 for Defendants' improvident removal of Plaintiffs' state law case to this Court.

Accordingly, there being no federal question involved, the case was improvidently removed from the state court and must be remanded. The Clerk is **DIRECTED** to remand the case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 08 CA 10045, and thereafter to close the file.

**DONE** and **ORDERED** in Orlando, Florida on August 28, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Doc. No. 1 at 1-2 (citing U.S. Const. Art. III, Section 2).